# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

- - - - - - - - - - - - - -
## NO. 03-02-00097-CV
- - - - - - - - - - - - - -


**Norfolk Southern Railway Company, Appellant**

**v.**

**James Allen Bailey, Appellee**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 94-03454-C, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


In this personal injury action by appellee James Allen Bailey against appellant Norfolk

Southern Railway Company, we address whether certain evidentiary rulings by the district court led to the

rendition of an improper judgment. In two issues, Norfolk Southern contends that the district court erred in

denying its motion to strike part of the testimony of an expert witness and in failing to exclude evidence of

Bailey=s fear of contracting cancer.[1] Having concluded that the district court acted within its discretion in the

---

[1] At oral argument, Norfolk Southern withdrew a third evidentiary issue from consideration on
appeal.

evidentiary rulings at issue and, in any event, that the rulings did not lead to the rendition of an improper judgment, we affirm the judgment of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bailey is a seventy-four-year-old man who was exposed to asbestos while working for Norfolk Southern in the 1940s and 1950s. In 1997, Dr. Dennis Darcey diagnosed Bailey with asbestosis with no evidence of impairment, based on a pulmonary test performed around the same time. In July 1998, shortly before the original trial setting, Dr. Darcey testified in his deposition that Bailey had mild asbestosis with no evidence of impairment.

The case was reset for trial in late 1999 and again in October 2001. In the summer of 2001, Bailey had another pulmonary test, which showed that the asbestosis had progressed to Amild impairment.@ Bailey produced this pulmonary test to Norfolk Southern in early August 2001, approximately two months before trial. The week before trial began, Dr. Darcey gave a second deposition in which he revised Bailey=s diagnosis to asbestosis with mild impairment.

At a hearing before trial, Norfolk Southern moved to strike Dr. Darcey=s testimony about his revised diagnosis on the ground that Bailey failed to timely supplement his discovery responses to reflect the change in Dr. Darcey=s opinion. The district court denied the motion to strike the testimony with the caveat that Aif we were dotting all our i=s and crossing our t=s, this should have been taken care of in supplementing opinions and mental impressions.@ The district court concluded that Norfolk Southern would have the opportunity on cross-examination to point out any discrepancies in Dr. Darcey=s testimony.

Norfolk Southern also sought to exclude any evidence about Bailey=s fear of cancer. As part of its motion in limine, Norfolk Southern requested no mention be made that APlaintiff or any lay witnesses have been told anything by any expert witness or witnesses concerning any matter.@ At the pretrial hearing, Norfolk Southern specified that it did not want Bailey or any other witness to testify about what expert witnesses told Bailey concerning his potential for contracting cancer. The district court granted the motion in limine with the modification that Bailey could testify about what Dr. Darcey, his treating physician, had told him, but not about what other experts may have said. Norfolk Southern also challenged the reliability of portions of Dr. Darcey=s second deposition, specifically concerning people with asbestosis having an increased risk of cancer. The district court overruled Norfolk Southern=s objection to this deposition testimony. The case proceeded to trial.

The jury returned a verdict in favor of Bailey. It found that Bailey had sustained an asbestos-related disease and that Norfolk Southern caused the disease. The jury then awarded Bailey a total of $500,000 in damages ($25,000 for past pain, suffering, and mental anguish; $315,000 for future pain, suffering, and mental anguish; $10,000 for past physical impairment; and $150,000 for future physical impairment). The district court rendered a final judgment for $428,910.03 in compensatory damages, plus post-judgment interest, after an offset for settlements. Norfolk Southern filed a motion for new trial and motion for remittitur, which the district court denied. Norfolk Southern appeals from the final judgment of the district court.

**ANALYSIS**

3

In two issues, Norfolk Southern contends that the district court erred in evidentiary rulings by (i) failing to strike portions of the testimony of Dr. Darcey because Bailey did not timely supplement his discovery responses to include Dr. Darcey=s revised diagnosis and (ii) failing to exclude evidence of Bailey=s fear of cancer on the ground that fear of cancer is not recoverable under the Federal Employers=Liability Act (AFELA@) if there is no evidence of injury related to fear of the disease.

**We apply an abuse of discretion standard to the question of whether a district court erred in an evidentiary ruling.** *City of Brownsville v. Alvarado*, **897 S.W.2d 750, 753 (Tex. 1995). We may reverse a district court under this standard only when we find that** A**the court acted in an unreasonable or arbitrary manner,**@ *Beaumont Bank, N.A. v. Buller*, **806 S.W.2d 223, 226 (Tex. 1991), or** A**without regard for any guiding rules or principles.**@ *Owens-Corning Fiberglas Corp. v. Malone*, **972 S.W.2d 35, 43 (Tex. 1998) (quoting** *Alvarado*, **897 S.W.2d at 754).**

**When seeking to reverse a judgment based on an improper evidentiary ruling, a complaining party** A**need not prove that but for the error a different judgment would necessarily have been rendered, but only that the error probably resulted in an improper judgment.**@ *Alvarado*, **897 S.W.2d at 753;** *accord Malone*, **972 S.W.2d at 43. To prevail, the party must demonstrate that** A**the judgment turns on the particular evidence excluded or admitted.**@ *Alvarado*, **897 S.W.2d at 753-54. We review the entire record to determine whether a party has met this burden.** *Id.* **at 754. If any legitimate basis exists to support a district court=s evidentiary ruling, then we must uphold the court=s decision.** *Malone*, **972 S.W.2d at 43;** *State Bar v. Evans*, **774 S.W.2d 656, 658 n.5 (Tex. 1989) (citing** *McCormick on Evidence* ' **52, at 131 (3d ed. 1984)).**

In its first issue, Norfolk Southern argues that the district court erred in denying its motion to strike part of the testimony of Dr. Darcey. In its motion to strike, Norfolk Southern sought to exclude Dr. Darcey=s revised diagnosis, changed from Aasbestosis with no impairment@ to Aasbestosis with mild impairment,@ because Bailey did not timely supplement his discovery responses to reflect the revised diagnosis.

**When a party fails to supplement a discovery response in a timely manner, the evidence may be excluded. Tex. R. Civ. P. 193.6(a);** *see also Alvarado v. Farah Mfg. Co.*, **830 S.W.2d 911, 914 (Tex. 1992). The remedy is mandatory and automatic unless the court finds that there was good cause for the failure to amend or supplement, or the failure will not unfairly surprise or prejudice the other party. Tex. R. Civ. P. 193.6(a);** *Morrow v. H.E.B., Inc.*, **714 S.W.2d 297, 297-98 (Tex. 1986).** The burden of establishing good cause or lack of unfair surprise is on the party seeking to introduce the evidence. Tex. R. Civ. P. 193.6(b). The trial court has discretion to determine whether the offering party has met its burden of showing good cause. *Aluminum Co. of Am. v. Bullock*, 870 S.W.2d 2, 3 (Tex. 1994). The record must support a finding of good cause or lack of unfair surprise. Tex. R. Civ. P. 193.6(b).

In some instances, the change in an expert=s opinion does not require supplementation. For example, an expert may refine calculations or perfect a report up until the time of trial. *Exxon Corp. v. West Tex. Gathering Co.*, 868 S.W.2d 299, 304 (Tex. 1993). An expert also may change an opinion without supplementation if the opinion is an Aexpansion of an already disclosed subject.@ *Navistar Int=l Transp. Corp. v. Crim Truck & Tractor Co.*, 883 S.W.2d 687, 691 (Tex. App.CTexarkana 1994, writ

**5**

denied).  However, a party may not present a material alteration of an expert=s opinion at trial that would constitute a surprise attack.  *See West Tex. Gathering*, 868 S.W.2d at 305.  The purpose of requiring timely disclosure of a material change in an expert=s opinion is to give the other party an opportunity to prepare a rebuttal.  *See id.* at 304.

Bailey=s counsel acknowledged at oral argument that he should have supplemented the discovery responses with Dr. Darcey=s revised diagnosis.  We agree.  It would have been the better practice for Bailey to timely supplement his discovery responses; nevertheless, the record supports the district court=s ruling to admit the revised diagnosis.

First, the record shows that Norfolk Southern was not unfairly surprised by the revised diagnosis.  Norfolk Southern received a copy of the later pulmonary test in early August 2001, almost two months before trial.  It was logical that Dr. Darcey would base his trial testimony on the newer pulmonary test, given that the earlier pulmonary test figured prominently in his original diagnosis.  Because asbestosis is a progressive disease, *see, e.g.*, *Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 36 (5th Cir. 1996); *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000), it should have been no surprise to Norfolk Southern that Bailey=s condition might worsen between the original diagnosis in early 1997 and the trial over four years later in October 2001.  The results of the later pulmonary test were admitted into evidence without objection. Additionally, Norfolk Southern had the opportunity to point out discrepancies in Dr. Darcey=s testimony on cross-examination, which was a factor in the district court=s ruling.

**6**

Second, although we find no cases directly on point about admitting a change in testimony based on the progression of asbestosis, Dr. Darcey=s revised diagnosis falls somewhere between a refinement in calculations, *see West Tex. Gathering*, 868 S.W.2d at 304, and an expansion of an already disclosed subject, *see Navistar*, 883 S.W.2d at 691, both of which are admissible without the need for supplementation.  We therefore conclude that the district court acted within the bounds of its discretion when it denied Norfolk Southern=s motion to strike Dr. Darcey=s testimony about his revised diagnosis. Even if the district court admitted Dr. Darcey=s testimony in error, Norfolk Southern has failed to show how the admission of Dr. Darcey=s revised diagnosis led to the rendition of an improper judgment, especially in light of other evidence in the record reflecting Bailey=s medical impairment.  We overrule Norfolk Southern=s first issue.

In its second issue, Norfolk Southern argues that the district court erred in denying its motion to exclude evidence about Bailey=s fear of getting cancer.  Norfolk Southern urges that this evidence should have been excluded because fear of getting cancer is not compensable under the FELA when there is no physical manifestation of injury related to the fear of cancer.

Under the FELA, a person who has no asbestos-related disease cannot recover for fear of a possible future disease. *See Metro-North Commuter R.R. Co. v. Buckley*, 521 U.S. 424, 427 (1997). Texas applies this rule to all asbestos cases, not just those involving the FELA. *See Temple-Inland Forest Prods. Corp. v. Carter*, 993 S.W.2d 88, 94 (Tex. 1999). Texas does, however, generally Aauthorize[] recovery of mental anguish damages in virtually all personal injury cases@ that include manifestation of a physical injury. *Krishnan v. Sepulveda*, 916 S.W.2d 478, 481 (Tex. 1995). Specifically concerning asbestos-related diseases, the United States Court of Appeals for the Fifth Circuit and our sister court in Texarkana have determined that a person who already manifests symptoms of an asbestos-related disease may recover for fear of contracting another asbestos-related disease. *See Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1138 (5th Cir. 1985) (applying Texas law); *Fibreboard Corp. v. Pool*, 813 S.W.2d 658, 675 n.2 (Tex. App.CTexarkana 1991, writ denied), *cert. denied*, 508 U.S. 909 (1993). The Texas Supreme Court has not decided whether fear of cancer is a compensable element of damage for a person who manifests symptoms of an asbestos-related disease. *See Pustejovsky*, 35 S.W.3d at 650; *Temple-Inland*, 993 S.W.2d at 94. Under the current state of the law, then, because Bailey already manifests symptoms of an asbestos-related disease, the district court did not act outside of the bounds of its discretion in admitting the fear-of-cancer evidence. We need not reach this issue, however, because it has not been preserved for our review.

Norfolk Southern argues that it sought to prevent the presentation of fear-of-cancer evidence through a motion to exclude, but the record reflects that the district court ruled on Norfolk Southern=s motion in limine. The record contains two instances of Norfolk Southern=s efforts to exclude

**8**

evidence of fear of cancer. First, at the beginning of the pretrial hearing, counsel for Norfolk Southern said that fear of cancer Ais something we want to keep from the jury.@ He explained that Athis is something that is going to come up in the motion in limine and with respect to the experts.@ The district court did not rule on the issue at that time. Second, Norfolk Southern=s motion in limine included a request that no mention be made that APlaintiff or any lay witnesses have been told anything by any expert witness or witnesses concerning any matter@ without first approaching the bench. Norfolk Southern specified at the pretrial hearing on the motion in limine that it did not want Bailey or any other witness to testify about what experts told Bailey concerning the possibility of contracting cancer. The district court ruled that Bailey could testify about what his treating doctor, Dr. Darcey, told him but not about what other expert witnesses may have told him concerning the possibility of contracting cancer.[2] The record on appeal contains no motion to exclude cancer evidence, nor any order overruling such a motion.

It is well established that denial of a motion in limine is not a final ruling on admission of evidence; a party must object at trial when the testimony is offered to preserve error. *Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex. 1963); *see also* Tex. R. App. P. 33.1(a)(1). A ruling on a pretrial motion to exclude evidence, however, can be a ruling on the admission of evidence. *Huckaby v. A. G. Perry & Son, Inc.*, 20 S.W.3d 194, 203-204 (Tex. App.CTexarkana 2000, pet. denied). What occurred here was a ruling on a motion in limine, not a final ruling on the evidence.

---

[2] Norfolk Southern argues that it also sought to exclude fear-of-cancer evidence through objections to portions of Dr. Darcey=s second deposition. The record shows, however, that it objected to Dr. Darcey testifying about an increased risk of cancer, not about a fear of cancer. The district court overruled Norfolk Southern=s objection.

*McCardell*, 369 S.W.2d at 335. To preserve error after the ruling on its motion in limine, Norfolk Southern needed to object at trial to the admissibility of fear-of-cancer evidence and obtain a ruling. *Id.*; *see also* **Tex. R. App. P. 33.1(a).**

As Norfolk Southern points out in its brief, the record is replete with references to Bailey=s fear of cancer and the possibility that he may contract cancer. What is missing from the record are Norfolk Southern=s objections to most of this evidence. Norfolk Southern objected once during Bailey=s testimony and received a limiting instruction that the jury consider Bailey=s testimony about the possibility of contracting cancer only for Bailey=s state of mind, not for the truth that he might contract cancer. Norfolk Southern failed to object, however, to many subsequent references to fear of cancer. AThe general rule is that error **in the admission of testimony is deemed harmless if the objecting party subsequently permits the same or similar evidence to be introduced without objection.@** *See Richardson v. Green*, **677 S.W.2d 497, 501 (Tex. 1984). Therefore, any error in the admission of fear-of-cancer evidence was harmless because Norfolk Southern failed to object to subsequent references.** *See id.* More importantly, Norfolk Southern has failed to show how the admission of fear-of-cancer evidence led to the rendition of an improper judgment.

Norfolk Southern also failed to preserve error with a sufficient challenge to the jury=s broad-form damages findings. At the charge conference, Norfolk Southern did not object to the submission of damages questions in broad form. The jury awarded damages for pain, suffering, and mental anguish that Bailey sustained in the past, and pain, suffering, and mental anguish that Bailey would in all probability sustain in the future. **The record substantially supports the jury=s damages award, even setting**

**10**

aside the fear-of-cancer evidence. Experts for both Bailey and Norfolk Southern testified that asbestosis is a progressive disease, and Bailey=s asbestosis worsened between 1997 and 2001. The jury could have based its award for future damages on the possibility that Bailey=s asbestosis would further worsen.

When a damages issue is submitted in broad form, it is difficult to determine the amount that the jury awarded for each element of damages. *See Haryanto v. Saeed*, 860 S.W.2d 913, 921 (Tex. App.CHouston [14th Dist.] 1993, writ denied); *Greater Houston Transp. Co. v. Zrubeck*, 850 S.W.2d 579, 589 (Tex. App.CCorpus Christi 1993, writ denied). Consequently, to successfully challenge a multi-element damage award on appeal, an appellant must address all of the elements and show that the evidence is insufficient to support the entire damage award. *See Price v. Short*, 931 S.W.2d 677, 688 (Tex. App.CDallas 1996, no writ); *accord Brookshire Bros. v. Lewis*, 997 S.W.2d 908, 922 (Tex. App.CBeaumont 1999, pet. denied). AThe failure to address an element of damages results in waiver of the sufficiency challenge.@ *Price*, 931 S.W.2d at 688. By failing to challenge each element of the damages award, Norfolk Southern has failed to preserve error. We therefore overrule Norfolk Southern=s second issue.

## CONCLUSION

The district court acted within the bounds of its discretion in the evidentiary rulings that Norfolk Southern disputes. Furthermore, the rulings at issue did not lead to the rendition of an improper

judgment in this case.  Having overruled Norfolk Southern=s issues, we affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed:   October 24, 2002

Publish