In The


 

Court of Appeals





Ninth District of Texas at Beaumont


 

____________________



NO. 09-02-514 CV


____________________



ANITA PUGH AND AUGUSTINE PUGH, INDIVDUALLY


AND AS NEXT FRIEND OF WHITNEY PUGH, Appellants



V.



CONN'S APPLIANCES, INC. AND U.S. NATURAL RESOURCES, INC. D/B/A 


FRIEDRICH AIR CONDITIONING AND REFRIGERATION CO., Appellees






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Court Cause No. 89316






MEMORANDUM OPINION


 The Pughs appeal from a take-nothing judgment. Appellants argue the trial court
erred in admitting expert testimony, and they ask for a new trial. 

 In 1997, the Pughs bought, and had installed in their apartment, a window air
conditioner sold to them by Conn's Appliances, Inc. and manufactured by U.S. Natural
Resources (doing business as Friedrich Air Conditioning and Refrigeration Company). Two
years later, fire destroyed the apartment. The Pughs' daughter, Whitney, testified she went
into the room where the window air conditioner was located and saw flames in the unit. 
Appellants' expert attributed the fire to loose connections in the air conditioner. However,
appellees' expert, Hank Bardenhagen, testified the fire did not originate in the unit. 

 The Pughs contend the trial court erred in admitting Bardenhagen's testimony,
because they say he was not qualified to offer the opinion and his methodology was
unreliable. Appellees respond that the Pughs did not timely object to the testimony. When
appellees offered Bardenhagen's report into evidence, the Pughs objected that he had "not
been shown to possess any certification to appear before this Court as an expert witness." 
The objection put the trial court on notice of appellants' objections to Bardenhagen's
qualifications as an expert. But, after overruling the "certification" objection, the trial court
was not informed of any other objection to the reliability of Bardenhagen's testimony. Nor
was a motion made to strike his testimony on reliability grounds. There being no objection
presented to the trial court that the methodology was unreliable, we consider only that part
of issue one dealing with Bardenhagen's qualifications to testify as an expert. See Tex. R.
App. P. 33.1; Tex. R. Evid. 705(a); Guadalupe-Blanco River Auth. v. Kraft, 77 S.W.3d 805,
807 (Tex. 2002); see also Kerr-McGee Corp. v. Helton, 47 Tex. Sup. Ct. J. 248, 2004 Tex.
LEXIS 63 (Tex. Jan. 30, 2004) (not yet released for publication); Kroger Co. v. Betancourt,
996 S.W.2d 353, 360-61 (Tex. App.--Houston [14th Dist.] 1999, pet. denied). 

 Whether an expert is qualified is a preliminary question the trial court decides. We
review the trial court's decision under an abuse of discretion standard. Gammill v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 718-19 (Tex. 1998). The test is whether the
offering party establishes that the expert has knowledge, skill, experience, training, or
education regarding the issue before the court that would qualify the expert to give an
opinion on that particular subject. See Tex. R. Evid. 702; Roberts v. Williamson, 111 S.W.3d
113, 121 (Tex. 2003). Here, the specific subject matter is the cause and origin of the fire. 
The question we consider is whether Bardenhagen has specialized knowledge to assist the
jury in understanding that issue. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 500 (Tex.
2001). 

 Appellants first cite us to Bardenhagen's speculative statement -- "I imagine --I'm not
an engineer" -- as one disqualifying him from testifying as an expert. But this statement,
made during his trial testimony, did not refer to Bardenhagen's opinion on the origin or cause
of the fire. Bardenhagen was commenting on the testing process used by Johnny Cmaidalka,
plaintiffs' engineer expert, and on the failure to properly preserve the evidence. Appellants
immediately objected, and the trial court sustained the objection to any speculation by
Bardenhagen. Bardenhagen did not expand on his statement, and the comment did not
disqualify him from testifying as an expert on matters within his knowledge.

 The Pughs argue Bardenhagen is not qualified to testify for various reasons: he is not
an engineer and has no electrical degree or training; he is not a peace officer or fire marshal;
he was not a state or privately certified fire investigator at the time of his investigation; and
at the time of his trial testimony he had only one private certification, which he received after
he prepared his report. 

 Appellees offered evidence of Bardenhagen's qualifications to testify to fire causation. 
He has an associate degree in fire service technology and is familiar with fire and explosive
investigation guidelines put out by the National Fire Protection Association. He began his
career as a firefighter and ultimately became a fire investigator. He has held certifications
as an arson investigator, firefighter, peace officer, and firefighter instructor. And the jury
could have inferred that once he began working in the private arena, he was not allowed to
hold the public sector certifications. In the private sector, Bardenhagen has been
investigating fires for approximately twelve years. After preparing his report and prior to his
trial testimony, he obtained a certification as a fire investigator. Bardenhagen says he has
investigated thousands of fires, lectured on fire investigations involving electrical fires, and
testified in federal and state courts as a cause and origin fire expert in both civil and criminal
cases. The evidence of his work background, his education, his knowledge, and experience
in fire investigation demonstrate Bardenhagen had expertise concerning the actual subject
about which he offered an opinion. See Gammill, 972 S.W.2d at 718-19; Broders v. Heise,
924 S.W.2d 148, 152-53 (Tex. 1996). Issue one is overruled.

 In issue two, the Pughs argue the trial court erred in admitting Bardenhagen's
testimony on burn patterns, because the burn pattern testimony was "new information" not
disclosed prior to trial. Appellees argue we should not consider this issue, because the Pughs
failed to designate it in their request for preparation of a partial reporter's record. See Tex.
R. App. P. 34.6 (c). 

 Rule 34.6 (c) provides, in part, as follows:

 (1) Effect on Appellate Points or Issues.

 If the appellant requests a partial reporter's record, the appellant must include
in the request a statement of the points or issues to be presented on appeal and
will then be limited to those points or issues. 


 (2) Other Parties May Designate Additions.

 Any other party may designate additional exhibits and portions of the
testimony to be included in the reporter's record.


Tex. R. App. P. 34.6(c)(1), (2). The Pughs' statement of the issue in their partial record
request complains only of the lack of Bardenhagen's qualifications to testify as an expert. 
If we strictly enforced the rule here, we would not consider any point or issue not included
in the partial record request -- "litigants who ignore our rules do so at the risk of forfeiting
appellate relief." See Bennett v. Cochran, 96 S.W.3d 227, 230 (Tex. 2002) 

 The Pughs repeatedly objected at trial to Bardenhagen's burn pattern testimony on the
failure-to-disclose ground. Appellees were aware of the Pughs' objections and presented the
trial judge with reasons why those objections had no merit. In addition, appellees responded
to the Pughs' partial record request by bringing up on appeal the remainder of the trial record
below. In view of appellees' awareness of the Pughs' objections and the complete record on
appeal, we find appellees are not prejudiced by the Pughs' failure to specifically state issue
two in their request for a partial record. Id. 228-30; see also Gunnerman v. Basic Capital
Management, Inc., 106 S.W.3d 821, 825 (Tex. App.--Dallas 2003, pet. denied). We will
address the merits of issue two. 

 Prior to the burn pattern testimony, the trial court admitted Bardenhagen's report into
evidence. There was nothing about burn patterns in the report. The report declared the "loss
did not originate within the . . . window air conditioner . . . the fire started within the interior
portion of the living room" and the cause was "an overheating of the supply cord system, for
the air conditioner, at and/or near the wall outlet." The report also stated "[t]his opinion is
limited in scope. There is not ample photo and written documentation . . . to be able to form
a complete and formal opinion." 

 By Bardenhagen's own acknowledgment in his report and his repeated admission on
cross examination, the conclusion in the report was not provable. An expert's testimony that
is unreliable may be legally no evidence, and had his opinion remained unsupported
factually, an objection to its lack of reliability or a motion to strike may have been well-taken. We do not find this objection or motion in the record. But even though an opinion is
admitted without objection, if it is incompetent and without probative force it will not support
a verdict; what is no evidence remains no evidence. See Robertson Tank Lines, Inc. v. Van
Cleave, 468 S.W.2d 354, 360 (Tex. 1971). Here, however, Bardenhagen testified that new
evidence produced by the Pughs, after his report was prepared, did support his opinion. The
Pughs do not attack the sufficiency of the evidence to support the jury verdict. 

 On the night before trial, appellees and Bardenhagen received from the Pughs'
attorney some color photographs of the fire scene that had been taken shortly after the fire
occurred. Once Bardenhagen observed what he perceived to be burn patterns in the newly
produced photographs, he concluded, with some proof, that the fire's origin was not in the
air conditioner. (1) Appellees sought to offer this new evidence to support Bardenhagen's
opinion on causation. The Pughs objected to the burn pattern-photograph evidence on
failure-to-supplement grounds. Afer appellees' attorney indicated Bardenhagen's testimony
regarding burn pattern evidence in the photographs would not constitute a change in his
opinion, the trial judge stated, "If [Bardenhagen's] not changing anything[,] "I'll overrule the
objection." Appellees' attorney then sought to lay the groundwork for admission of the
testimony. Appellants continued to object, because Bardenhagen's report had not been
supplemented prior to trial with the burn pattern theory. As the discussion continued, the
trial court's focus shifted from concern with whether the testimony would be a change in
opinion to the timing of the production of the photographs. The court again overruled
appellants' objection, this time because appellees "just got these pictures since the report was
submitted." 

 Rule 195.6 of the Texas Rules of Civil Procedure provides that parties must amend
or supplement the written reports of testifying expert witnesses. See Tex. R. Civ. P. 195.6. 
The supplementation must be done with reasonable promptness; a supplemental response
made less than thirty days before trial is presumed not to meet that requirement. See Tex.
R. Civ. P. 193.5(b). Here, appellees did not supplement Bardenhagen's report prior to trial
to include the burn pattern evidence.

 When a party does not supplement discovery, the trial court must exclude the evidence
unless the court finds good cause for failing to supplement, or finds there is no unfair surprise
or unfair prejudice in admitting the evidence. See Tex. R. Civ. P. 193.5, 195.6; Ersek v.
Davis & Davis, P.C., 69 S.W.3d 268, 271 (Tex. App.--Austin 2002, pet. denied); Rutledge
v. Staner, 9 S.W.3d 469, 472 (Tex. App.--Tyler 1999, pet. denied). The burden of
establishing good cause or the lack of unfair surprise or prejudice is on the party seeking to
use the evidence, and any finding to that effect must be supported by the record. See Tex.
R. Civ. P. 193.6(b),(c). Here, the trial judge implicitly found good cause for appellees'
failure to supplement. He said the reason he was admitting the evidence despite the
nondisclosure was because the photographs were not provided by the Pughs until right before
trial. We review the trial court's determination of good cause under an abuse of discretion
standard -- whether under the circumstances of the particular case the trial court's action was
arbitrary or unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-43
(Tex. 1985); Norfolk Southern Ry. Co. v. Bailey, 92 S.W.3d 577 (Tex. App.--Austin 2002,
no pet.). 

 Appellees filed a motion for sanctions based on their claim that appellants failed to
timely disclose the photographs. The record does not reflect a ruling on the motion. The
record is in conflict on whether Bardenhagen had earlier received black and white, fire scene
photographs and then received the color photographs on the night before trial, or whether he
had already been given some color copies during the discovery process and then received
additional photographs from the Pughs' attorney on the eve of trial. And the reason for the
Pughs' late production is unclear. The record is clear that on the night before trial appellants
produced some fire scene, color photographs which Bardenhagen said supported his opinion. 
The trial judge heard Bardenhagen's testimony and the attorneys' explanations and based his
ruling on a determination that "new" photographic information was supplied by plaintiffs to
defendants on the eve of trial. We defer to the trial judge's resolution of any conflict in the
facts. Given appellants' eve of trial production of "new" evidence, appellees' time frame for
supplementing Bardenhagen's report was necessarily limited. Under these circumstances,
the determination that appellants' late production of the photos constituted good cause to
permit Bardenhagen's testimony was within the trial court's sound discretion. See Beard
Family Partnership v. Commercial Indem. Ins. Co., 116 S.W.3d 839, 850 (Tex. App.--Austin
2003, no pet.). We overrule issue two. 

 The judgment erroneously refers to the minor plaintiff as "Augustine" instead of
"Whitney." The judgment reflecting the minor child's name as Augustine Pugh is modified
to reflect her true name, Whitney Pugh, and as modified the judgment is affirmed. Tex. R.
App. P. 43.2(b). 

 AFFIRMED AS MODIFIED.


 _________________________________

 DAVID B. GAULTNEY

 Justice 

Submitted on February 12, 2004

Opinion Delivered March 18, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Bardenhagen also testified concerning burn patterns on the air conditioner's wires
and sides that were consistent with his opinion that the fire did not originate in the air
conditioner itself. When appellees offered the testimony into evidence, appellants objected
only that Bardenhagen was not qualified to testify about fire effects from electrical fires. 
Any later objection that appellees had not supplemented Bardenhagen's report with an
opinion on the unit's burn patterns was not timely and did not preserve this objection. See
Tex. R. App. 33.1; Atlantic Richfield Co. v. Misty Prods., Inc., 820 S.W.2d 414, 421 (Tex.
App.--Houston [14th Dist.] 1991, writ denied) (Party must make timely objection and obtain
a ruling before the testimony is offered and received; complaint is waived if objection is
made after admission of the evidence.). The burn pattern evidence on the air conditioner was
properly in evidence.