**Affirmed and Opinion Filed July 29, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00851-CV

### LSREF2 APEX (TX) II, LLC, Appellant
### V.
### GREGORY BLOMQUIST AND DANIEL D. DAVIDS, II, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-02840-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

LSREF2 Apex (TX) II, LLC (Apex) appeals the trial court's no-evidence summary judgment in favor of Gregory Blomquist and Daniel Davids. In two issues, Apex argues the trial court erred in striking its summary judgment evidence and entering summary judgment in favor of Blomquist and Davids. We affirm the trial court's orders granting Blomquist's and Davids' motions for summary judgment.

On August 2, 2012, Wells Fargo Bank sued Blomquist and Davids alleging they had entered into a guaranty with LaSalle Bank National Association in August 2006. The guaranty guaranteed repayment of a $748,000 loan made by LaSalle to Real Holdings Group, LLC in connection with property located in Giddings, Texas. Real Holdings executed a promissory note pursuant to the loan. Wells Fargo alleged LaSalle assigned the loan documents to Wells Fargo

as trustee for certain holders of commercial mortgage securities in December 2006. In June 2012, the loan documents were assigned to Wells Fargo. Meanwhile, in January 2012, Real Holdings defaulted on the promissory note. Wells Fargo alleged Blomquist and Davids refused to pay under the guaranty, and this refusal was a breach of contract entitling Wells Fargo to $740,652.15 plus interest and attorney's fees.

On August 24, 2012, Blomquist filed an answer asserting a general denial and the affirmative defenses of "waiver and/or estoppel" and failure to mitigate damages. Blomquist's answer also contained a request for disclosure of, among other things, the names of the parties to the lawsuit and the names of any potential parties. Davids filed a separate answer. On October 1, 2012, Wells Fargo filed separate motions for summary judgment on its claims against Blomquist and Davids. On October 29, 2012, in separate orders, the trial court granted summary judgment in favor of Wells Fargo against Blomquist and Davids. However, on November 28, 2012, the trial court entered an agreed order setting aside the orders granting summary judgment and re-setting the motions for summary judgment for consideration at a future submission hearing.

On May 6, 2013, Wells Fargo allegedly assigned its rights under the loan documents to Apex. On January 10, 2014, a motion for withdrawal and substitution of counsel was filed, purportedly by Wells Fargo. The motion did not mention the assignment of the loan documents or Apex. On March 4, 2014, the trial court granted the motion.

On March 5, 2014, Blomquist and Davids filed motions for no-evidence summary judgment. The motions alleged, in part, that the discovery period closed in June 2012, and Wells Fargo conducted no discovery. The motions also alleged there was no evidence to support Wells Fargo's claims of breach of contract or to show who owned the guaranty contract. On March 6,

2014, Blomquist's counsel advised the parties that Blomquist's motion for summary judgment was set for a hearing on March 28, 2014.

On March 21, 2014, Apex filed its first amended petition as "successor-in-interest to Wells Fargo Bank." The amended petition alleged that, on May 6, 2013, Wells Fargo assigned to Apex all interest in the promissory note and guaranty. As owner and holder of the note, guaranty, and assignments, Apex claimed it was entitled to recover all monies due and owing under the terms of the note, guaranty, and assignments. Apex sought $501,772.56 plus interest and attorney's fees from Blomquist and Davids under the terms of the note and guaranty.

The same day, Apex filed its response to Blomquist's and Davids' motions for summary judgment. The response reiterated that the note and guaranty had been assigned to Apex, the borrower on the note defaulted on its obligations, and Blomquist and Davids refused to pay under the terms of the guaranty. Thus, Apex argued, there was more than a scintilla of evidence to support each element of Apex's claim for breach of the guaranty and to show the guaranty was transferred to Apex. Attached to the response was the affidavit of Monica Knake, assistant vice president of Apex.

On March 27, 2014, Blomquist and Davids filed objections and motions to strike Apex's summary judgment evidence. The motions argued Apex could not show good cause for waiting nearly eleven months to inform the court or the parties of the assignment of the note and guaranty or to identify Knake as a witness, and the failure to timely disclose this information meant it should be excluded under rule of civil procedure 193.6. The motions also objected to the Knake affidavit as containing exhibits that were not filed with the clerk of the court fourteen days prior to trial as required by rule of evidence 902(1) and therefore should not be admitted as summary judgment evidence. The motions pointed out that the alleged transfer of the note and guaranty to Apex took place almost seven years after the loan documents were executed and

delivered to LaSalle. The motions argued Knake's affidavit failed to establish how Knake had personal knowledge of the record keeping of LaSalle, Wells Fargo as trustee, or Wells Fargo that would allow her to testify the loan documents were the business records of Apex. The motions objected to all of the paragraphs in the Knake affidavit concerning the note and guaranty, its assignment to Apex, and the amounts due under the loan documents as hearsay outside Knake's personal knowledge.

Following a hearing, the trial court entered orders sustaining the objections to the exhibits attached to the Knake affidavit and to the Knake affidavit itself. The trial court granted the motions for no-evidence summary judgment, and this appeal followed.

In its first issue, Apex argues the trial court erred in sustaining the objections to the Knake affidavit and the supporting loan documents.

Parties have a duty to amend or supplement incomplete or incorrect responses to written discovery reasonably promptly after the party discovers the necessity. TEX. R. CIV. P. 193.5(a),(b). "A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed" unless the court finds that good cause exists for the failure to disclose or any failure to timely disclose will not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a); *Dyer v. Cotton*, 333 S.W.3d 703, 717 (Tex. App.–Houston [1st Dist.] 2010, no pet.). While exclusion is mandatory, the exception provides the trial court the opportunity to excuse failure to comply in "difficult or impossible circumstances" or in otherwise excusable circumstances. *See Dyer*, 333 S.W.3d at 717; *Williams v. Cnty. of Dallas*, 194 S.W.3d 29, 32–33 (Tex. App.–Dallas 2006, pet. denied) (no abuse of discretion in admitting undisclosed documents supporting damages where face of pleading indicated such damages would be sought at trial). The party seeking to admit the objectionable evidence bears the burden of establishing good

cause or the lack of unfair surprise or prejudice. TEX. R. CIV. P. 193.6(b); *see Norfolk S. Ry. Co. v. Bailey*, 92 S.W.3d 577, 581 (Tex. App.–Austin 2002, no pet.). One purpose of Rule 193.6(a) is to prevent trial by ambush. *See Alvarad v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992).

A disclosure made less than thirty days before trial is presumed to not be "reasonably prompt." TEX. R. CIV. P. 193.5(b). An appellate court reviews a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). An appellate court must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. TEX. R. CIV. P. 193.6(a), (b); *Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 119–20 (Tex. 1999).

Here, Wells Fargo allegedly assigned its rights under the loan documents to Apex on May 6, 2013. However, Apex did not inform the trial court or the parties of this fact until March 21, 2014, more than ten months later and seven days before Blomquist's and Davids' motions for summary judgment were set for a hearing. In addition, the documents purporting to show the assignment of Wells Fargo's rights to Apex were not presented until they were attached to Apex's response to Blomquist's and Davids' motions for summary judgment on March 21, 2014. Under these circumstances, we conclude the trial court did not abuse its discretion in sustaining Blomquist's and Davids' objections to Apex's summary judgment evidence and striking the evidence. *See* TEX. R. CIV. P. 193.6(a); *Dyer*, 333 S.W.3d at 717. We overrule Apex's first issue.

In its second issue, Apex argues the trial court erred in granting Blomquist's and Davids' motions for summary judgment because Apex's summary judgment evidence raised fact issues on every challenged element of Apex's claims.

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). In a no-evidence summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the non-movant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* On the other hand, more than a scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions based on the evidence. *Id.* To raise a genuine issue of material fact, the evidence must exceed mere suspicion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). "Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Id.* A party may move for a no-evidence summary judgment after an adequate time for discovery has passed. *Id.*

Here, once the trial court struck Apex's summary judgment evidence, there was no evidence Apex had any claim under the loan documents assigned to Wells Fargo. Thus, once the summary judgment was stricken, there was no evidence to support Apex's claims. Accordingly, the trial court did not err in granting Blomquist's and Davids' motions for summary judgment. *See* Tex. R. Civ. P. 166a(i); *Chapman*, 118 S.W.3d at 751. We overrule Apex's second issue.

We affirm the trial court's orders granting Blomquist's and Davids' motions for summary judgment.

140851F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LSREF2 APEX (TX) II, LLC, Appellant

No. 05-14-00851-CV     V.

GREGORY BLOMQUIST AND DANIEL
D. DAVIDS, II, Appellees

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-02840-2012.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees GREGORY BLOMQUIST AND DANIEL D. DAVIDS,
II recover their costs of this appeal from appellant LSREF2 APEX (TX) II, LLC.

Judgment entered July 29, 2015.