

# NUMBER 13-16-00674-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ROCKY L. SALINAS, D.D.S., AND
RGV SMILES BY ROCKY L.
SALINAS D.D.S. P.A., BOTH
INDIVIDUALLY AND D/B/A RGV
SMILES AND RGV SMILES AND
RGV SMILES, INDIVIDUALLY,                                            Appellants,

v.

RALPH RUBY,                                                          Appellee.

---

On appeal from the 139th District Court
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

Appellants Dr. Rocky L. Salinas, D.D.S and RGV Smiles by Rocky L. Salinas,

D.D.S., P.A., both individually and d/b/a RGV Smiles and RGV Smiles (Dr. Salinas)

appeal a judgment following a jury trial rendered in favor of appellee Ralph Ruby (Ruby). By two issues, Dr. Salinas contends that (1) the trial court abused its discretion by admitting improper character evidence, and (2) the admission of improper character evidence caused the rendition of an improper judgment. We affirm.

## I. BACKGROUND

Dr. Salinas is a dentist and Ruby is a landscape contractor. In 2010, Dr. Salinas and Ruby entered into an agreement wherein Dr. Salinas would provide dental restoration services for Ruby in exchange for Ruby's performance of landscaping services for Dr. Salinas.

Dr. Salinas and Ruby settled on a course of treatment for Ruby's dental services. From December 11, 2011 to January 30, 2014, Dr. Salinas treated Ruby numerous times. During this time, Ruby underwent several root canals, had several teeth repaired after crown and veneer breakage, underwent sinus surgery, and had his bite adjusted multiple times. Ruby visited other specialists for different opinions to determine the cause of these abnormalities. After obtaining the same negative opinions about Dr. Salinas from different doctors, Ruby ceased treatment with Dr. Salinas on January 30, 2014.

Ruby sued Dr. Salinas and RGV Smiles on March 30, 2015 asserting negligence arising from the alleged dental malpractice of Dr. Salinas. Prior to trial, Dr. Salinas and Ruby filed motions in limine. Dr. Salinas requested that the trial court prevent Ruby from introducing "testimony concerning similar events or occurrences that involve [Dr. Salinas] other than the one in question that happened either before or after the incident made the basis of this lawsuit" unless such testimony is relevant and admissible. The trial court heard Dr. Salinas's motion in limine on July 25. At the hearing, Dr. Salinas requested

2

that the trial court grant his motion in limine to prevent Ruby from introducing testimony of another dental malpractice suit that a different patient filed against Dr. Salinas (Trevino lawsuit). The trial court denied Dr. Salinas's request on July 26.

At trial, Ruby's two expert witnesses, Dr. Robbie Henwood and Dr. James Person, both dentists, testified that they believed the tooth breakage, sinus surgery, and root canals were the direct result of Dr. Salinas's negligence. The jury found Dr. Salinas negligent in his dental care and awarded Ruby $200,000 in damages. The trial court entered judgment in that amount. This appeal ensued.

## II.  ADMISSIBILITY OF EVIDENCE

By his first issue, Dr. Salinas argues that the trial court abused its discretion by admitting evidence of the Trevino lawsuit against Dr. Salinas in violation of rule 404(b). *See* TEX. R. EVID. 404(b). In response, Ruby asserts that "Dr. Salinas waived any objection to the Trevino [lawsuit] by not filing a pretrial motion to exclude and not timely objecting at trial." We agree with Ruby.

## A.  Applicable Law

To preserve error for appellate review, the complaining party must timely and specifically object to the evidence and obtain a ruling. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a). "Error is waived if the complaining party allows the evidence to be introduced without objection." *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007). It is well established that "a trial court's ruling on a motion in limine preserves nothing for review. A party must object at trial to preserve error." *Boulle v. Boulle*, 254 S.W.3d 701, 709 (Tex. App.—Dallas 2008, no pet.); TEX. R. APP. P. 33.1(a)(1). To preserve error after the ruling on a motion in limine, the complaining party needs to

3

object at trial to the admissibility of the evidence it seeks to exclude. *Boulle*, 254 S.W.3d at 709. "Otherwise, a trial court is denied the opportunity to make a curative instruction or mistrial ruling." *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 637 (Tex. 1986).

**B.      Discussion**

Dr. Salinas claims that the trial court "overruled Dr. Salinas's repeated objections to this testimony, apparently relying on the Texas Supreme Court case *Kia Motors v. Ruiz*." 432 S.W.3d 865 (Tex. 2014). However, our review of the record reveals that Dr. Salinas failed to object to reference of the Trevino lawsuit when it was first introduced in front of the jury through Dr. Henwood's deposition testimony. To preserve error after the trial court's ruling on his motion in limine, Dr. Salinas needed to object at trial to any reference to the Trevino lawsuit and obtain a ruling on his objection. *In re Toyota Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013); *Norfolk Southern Ry. Co. v. Bailey*, 92 S.W.3d 577, 583 (Tex. App.—Austin 2002, no pet.) (holding that a motion in limine does not relieve the party from objecting to the evidence when tendered at trial). Here, Dr. Salinas failed to object to Dr. Henwood's reference to the Trevino lawsuit. *See In re Toyota,* 407 S.W.3d at 760; *Pool*, 715 S.W.3d at 637. By failing to object, the trial court was denied the opportunity to make a curative instruction or mistrial ruling. *See Pool,* 715 S.W.2d at 637. Thus, having failed to object when the evidence was offered during Dr. Henwood's testimony, Dr. Salinas has waived error. *See In re Toyota,* 407 S.W.3d at 760; *Pool*, 715 S.W.3d at 637.

Moreover, when Ruby cross-examined Dr. Salinas and asked him about the Trevino lawsuit, Dr. Salinas objected on the basis that it was overly prejudicial. The trial court immediately sustained Dr. Salinas's objection and instructed Ruby "to go on to

4

something else." Thus, Dr. Salinas cannot argue that the trial court abused its discretion by admitting evidence of the Trevino lawsuit because the trial court sustained Dr. Salinas's objection, and Ruby did not further pursue the matter.

Notwithstanding Dr. Salinas's failure to object to the Trevino lawsuit when it was first introduced during Dr. Henwood's testimony and the trial court's sustaining of Dr. Salinas's objection when it was introduced again, Dr. Salinas's objection at trial does not comport with the issue he presents on appeal. *See Marin v. Mem'l Point Prop. Owners Ass'n, Inc.*, 410 S.W.3d 397, 407 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that an objection at trial must comport with the issue presented on appeal). At trial, Dr. Salinas objected to the testimony as being overly prejudicial under rule 403. That is, he believed any probative value it may have had was outweighed by its danger for unfair prejudice. On appeal, however, he asserts that reference to the Trevino lawsuit should not have been admitted because Texas Rules of Evidence 404(b) precludes a party from using evidence of other acts to prove a person acted in conformity with that past conduct. TEX. R. EVID. 404(b). Thus, even if the trial court had made a pretrial admissibility ruling on the Trevino lawsuit as Dr. Salinas suggests—rather than a ruling on Dr. Salinas's motion in limine—because Dr. Salinas's objection at trial does not comport with the issue he presents on appeal, he did not preserve this issue for our review. *See McLellan v. Benson,* 877 S.W.2d 454, (finding that once an opponent objects under 404(b) he must further object under rule 403 in order for the trial court to conduct the required balancing test). Accordingly, we overrule his first issue.

## III.    CONCLUSION

5

Having overruled Dr. Salinas's sole issue, we affirm the trial court's judgment.[1]


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice



Delivered and filed the
6th day of December, 2018.

---

[1] Because we determine that Dr. Salinas did not preserve his complaint for appeal, his second issue for review is not dispositive. *See* TEX. R. APP. P. 47.4