# NO. 12-23-00168-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID BRYAN JOHNSON, MARTIN MARIETTA MATERIALS, INC. AND MARTIN MARIETTA FLEET MANAGEMENT, LLC,* | § | *APPEAL FROM THE 145TH* |
| *APPELLANTS* | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *LACARTIS POPE, APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Bryan Johnson, Martin Marietta Materials, Inc., and Martin Marietta Fleet Management, LLC (collectively Martin Marietta) appeal the trial court's judgment rendered in favor of Appellee Lacartis Pope. In one issue, Martin Marietta argues that the trial court abused its discretion by permitting Pope to supplement his life-care expert's report regarding Pope's future medical expenses and by permitting the life-care expert to testify at trial about the information provided in the supplemental report. We affirm.

## BACKGROUND

Pope was injured while working as a concrete finisher when a cement chute on a concrete truck owned by Martin Marietta was dropped on him, which resulted in his suffering a lumbar, spinal fracture. Pope filed suit under various theories of negligence and sought to recover damages for his injuries, including future medical expenses.

During the course of pretrial proceedings, Pope retained Life-Care Expert Katie Heater, who, in consultation with Pope's treating physicians, Neurosurgeons Charles Gordon and Remi Nader and Pain Management Specialist James Davis, created a life-care plan to help place into

economic context the future medical costs Pope could expect to incur in the event a physician prescribed certain treatments. In her report, Heater recounted a conversation she had with Nader, wherein he recommended "SI joint injections" and noted the potential for "SI joint fusion" surgery. A chart contained within the report set forth "potential" needs, one of which was a Bilateral SI Joint Fusion surgery with a projected cost of $290,201.38. Heater concluded that based on the doctors' medical recommendations, the cost of Pope's future care related to his accident, within reasonable medical probability, totaled $761,059 and, considering his potential, future care needs, the cost totaled $1,026,039.[1] She explicitly reserved the right to amend her report in the event new information became available.

On January 30, 2023, Pope took Nader's deposition testimony. During the deposition, Nader testified that the Bilateral SI Joint Fusion surgery previously denoted to be a "potential need" had, since that time, become medically necessary.[2] On March 2, nineteen days before the commencement of trial, Pope served Martin Marietta with a supplement to Heater's report, in which the Bilateral SI Joint Fusion surgery Nader recommended, which previously was denoted as "potential need," now was listed as a "probability." The report updated the cost of this surgery to $346,787. As a result, her conclusion as to the total anticipated cost of Pope's future, medical needs increased to $1,200,730.[3]

The matter proceeded to a jury trial. On the second day of trial, Pope called Heater as a witness. At this point, Martin Marietta first lodged its objection to a portion of her testimony regarding future medical expenses on the basis that Pope failed timely to supplement her expert report, that he lacked good cause for this failure, and that such failure resulted in unfair surprise to

---

[1] Heater's report contains an extensive explanation of her methodology and sources for pricing, as well as other guidelines by which she calculated the costs of services.

[2] In support of this fact, Pope cites to the appendix to his brief. Appellate courts cannot consider documents which are not included formally in the record on appeal. *See De La Rosa v. Avery*, No. 12-23-00112-CV, 2023 WL 7178022, at *7 n.5 (Tex. App.–Tyler Oct. 31, 2023, no pet.) (mem. op.); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.–Dallas 2005, pet. denied) (appellate court cannot consider documents found only in appendix to party's brief). Here, in reciting these facts, we do not rely on the deposition transcript in the appendix to Pope's brief. Rather, Martin Marietta makes statements in its reply brief regarding the substance of Nader's deposition testimony, to which Pope does not object. *See* TEX. R. APP. P. 38.1(g). Moreover, the parties made representations to the trial court during trial regarding the substance of Nader's testimony relevant to the issue before this court.

[3] This final supplemental report also updated the costs associated with routine medical care, therapeutic modalities, medications, cervical surgery, and home-based assistance.

Martin Marietta. After considering argument from the parties, the trial court overruled Martin Marietta's objection.

Ultimately, the jury returned a verdict in Pope's favor and awarded him, among other damages, $1,200,730, in future medical expenses. This appeal followed.

## ADMISSION OF EXPERT TESTIMONY FOLLOWING UNTIMELY SUPPLEMENTATION

In its sole issue, Martin Marietta argues that the trial court abused its discretion by permitting Pope to supplement Heater's report regarding Pope's future medical expenses and by permitting her to offer testimony corresponding to this untimely, supplemented evidence. In response, Pope argues, in part, that his failure to supplement the report timely did not result in unfair surprise to Martin Marietta.

### Standard of Review

We review a trial court's admission or exclusion of expert testimony for abuse of discretion. *See Kinder Morgan Prod. Co. LLC v. Scurry Cty Appraisal Dist.*, 637 S.W.3d 893, 900 (Tex. App.–Eastland 2021, pet. denied) (citing *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012)). In our review, we do not substitute our judgment for that of the trial court. *Kinder Morgan Prod. Co., LLC*, 637 S.W.3d at 900. Rather, we must determine whether the trial court reached a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* The test is whether the trial court acted without reference to applicable guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We must uphold a trial court's evidentiary ruling if there is any legitimate basis for doing so, even if the trial court did not rely upon the proper ground and even if the sponsoring party did not assert a proper ground for admitting the evidence. *See K.J. v. USA Water Polo, Inc.*, 383 S.W.3d 593, 610 (Tex. App.–Houston [14th Dist.] 2012, pet. denied); *see also Gespa Nicaragua, S.A. v. Recom AG*, No. 08-22-00244-CV, 2024 WL 1199466, at *14 (Tex. App.–El Paso Mar. 20, 2024, no pet.) (op.) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

### Governing Law

Under Rule 193.6, discovery that is not timely disclosed and witnesses who are not timely identified are inadmissible as evidence. TEX. R. CIV. P. 193.6(a); *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009). A party who fails timely to designate the subject matter of an expert's testimony has the burden of establishing good cause or a lack of

unfair surprise or prejudice before the trial court may admit the evidence. *See* TEX. R. CIV. P. 193.6(b); *Gillenwater*, 285 S.W.3d at 881; *see also Norfolk S. Ry. Co. v. Bailey*, 92 S.W.3d 577, 581 (Tex. App.–Austin 2002, no pet.) (trial court has discretion to determine whether offering party has met burden of showing good cause; record must support finding of good cause or lack of unfair surprise).

The concepts of "surprise" and "prejudice" that the trial court was charged with applying, or more precisely the concepts of "unfair surprise" and "unfair prejudice" to which Rule 193.6 actually refers, contemplate not merely a factual inquiry but also a degree of judgment or weighing that is informed by the underlying purposes of Rule 193.6's automatic exclusion and the Texas discovery rules as a whole. *See Mid Continent Lift & Equip., LLC v. J. McNeill Pilot Car Serv.*, 537 S.W.3d 660, 672 (Tex. App.–Austin 2017, no pet.). These purposes include ensuring that parties receive notice of the witnesses and evidence their opponents intend to present at trial, thereby promoting realistic assessment of settlement prospects and preventing "trial by ambush." *Id.*

Indeed, the concept of surprise is a factor in determining whether there exists a requirement to supplement an expert's report at all. In some instances, the change in an expert's opinion does not require supplementation. *See Bailey*, 92 S.W.3d at 881. For example, an expert may refine calculations or perfect a report up until the time of trial. *See Exxon Corp. v. W. Tex. Gathering Co.*, 868 S.W.2d 299, 304 (Tex. 1993). An expert also may change an opinion without supplementation if the opinion is an "expansion of an already disclosed subject." *Bailey*, 92 S.W.3d at 881. However, a party may not present a material alteration of an expert's opinion at trial that would constitute a surprise attack. *See Exxon Corp.*, 868 S.W.2d at 305.

**Discussion**

We first note that a party's decision to wait until the trial of a case has commenced to raise its objection to the opposing party's failure timely to supplement its expert's testimony has been held to constitute waiver of such an objection. *See Int'l Valet Parking Servs., Inc. v. Johnson*, No. 03-02-00519-CV, 2003 WL 21024582, at *2 (Tex. App.–Austin May 8, 2003, no pet.) (mem. op.) (citing *Interceramic, Inc. v. S. Orient R.R. Co.*, 999 S.W.2d 920, 930 (Tex. App.–Texarkana 1999, pet. denied)); *see also State Farm Fire & Cas. Co. v. Morua*, 979 S.W.2d 616, 619 (Tex. 1998). But even assuming arguendo that Martin Marietta did not waive its objection to Pope's

4

failure timely to supplement Heater's expert report by withholding its objection until the second day of trial, the outcome would not differ.

It is undisputed that Pope's supplemental expert report for Heater was served less than thirty days before trial and, thus, was untimely. *See, e.g.*, TEX. R. CIV. P. 193.6(a). Accordingly, Pope bore the burden to prove either that there was good cause for his failure timely to supplement Heater's report or that such failure did not cause unfair surprise or prejudice to Martin Marietta. *See* TEX. R. CIV. P. 193.6(a), (b). Martin Marietta argues that the significant increase in the amount of future medical expenses, in and of itself, caused it unfair surprise.[4] We disagree.

The record in this case reflects that Pope served Heater's report on Martin Marietta in or around late June 2021. In her report, Heater, based on her conversation with Pope's doctors, set forth various surgeries, some of which were probable needs, and some of which, like the SI joint fusion surgery Nader referenced, were potential needs. Furthermore, Heater's report contains an extensive explanation of her methodology and sources for pricing, as well as other guidelines by which she calculated the costs of services. It also is undisputed that counsel for Martin Marietta was in attendance for Nader's January 30, 2023 deposition where he testified that the Bilateral SI Joint Fusion surgery he previously opined to be a "potential need" had, since that time, become medically necessary.

It is apparent from Heater's report that she relied on the medical opinions of Pope's doctors, including Nader. Thus, we cannot conclude that her supplemental report, in which she changed the status of the Bilateral SI Joint Fusion surgery from a possibility to a probability, caused Martin Marietta any unfair surprise when it already was aware of Nader's opinion on this subject and knew that Heater relied on Nader's opinion in compiling her June 2021 report. Moreover, the fact that Heater updated the cost of various medical procedures and services between the time of her

---

[4] In its brief, Martin Marietta argues that the trial court's ruling was not based on an express finding that good cause or unfair surprise existed for Pope's late service of Heater's supplemental report and, thus, Pope cannot now rely on an implied finding of lack-of-surprise to support the trial court's admission of Heater's testimony. We reiterate that an appellate court must uphold a trial court's evidentiary ruling if there is *any* legitimate basis for doing so, even if the trial court did not rely upon the proper ground and even if the sponsoring party did not assert a proper ground for admitting the evidence. *See* **K.J. v. USA Water Polo, Inc.**, 383 S.W.3d 593, 610 (Tex. App.–Houston [14th Dist.] 2012, pet. denied); *see also* **Gespa Nicaragua, S.A. v. Recom AG**, No. 08-22-00244-CV, 2024 WL 1199466, at *14 (Tex. App.–El Paso Mar. 20, 2024, no pet.) (mem. op.) (citing **Owens-Corning Fiberglas Corp. v. Malone**, 972 S.W.2d 35, 43 (Tex. 1998)). It is, therefore, reasonable to conclude that the notion that a trial court may have relied on an improper ground for its decision to admit evidence suggests that it made known the reasons underlying its ruling, and that an appellate court may, nonetheless, uphold such a ruling for reasons not expressed by the trial court in conjunction with its ruling. *Cf.* **USA Water Polo, Inc.**, 383 S.W.3d at 610; *cf. also* **Recom AG**, 2024 WL 1199466 at *14.

June 2021 report and the March 2023 supplemental report hardly can be said to cause Martin Marietta unfair surprise. Her initial report provided a detailed explanation regarding how she calculated the costs of services, and the fact that such services were more expensive in March 2023 than they were in June 2021 scarcely can be described as an unforeseeable revelation. *Cf. **Exxon Corp.***, 868 S.W.2d at 304 (rules of procedure do not prevent experts from refining calculations and perfecting reports through the time of trial).

In sum, because (1) Martin Marietta had ample notice of Nader's medical opinion, upon which Heater based her decision to include the SI joint fusion surgery as a probable medical need, and (2) the increase in costs of medical procedures and services over the time period in question was foreseeable, we conclude that Pope's supplementation of Heater's expert report nineteen days before trial did not result in unfair surprise or prejudice to Martin Marietta. *See* Tex. R. Civ. P. 193.6. Therefore, we hold that the trial court did not abuse its discretion by overruling Martin Marietta's objection to Heater's trial testimony on this basis. Martin Marietta's sole issue is overruled.

## DISPOSITION

Having overruled Martin Marietta's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 17, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 17, 2024**

**NO. 12-23-00168-CV**

**DAVID BRYAN JOHNSON, MARTIN MARIETTA MATERIALS, INC. AND MARTIN MARIETTA FLEET MANAGEMENT, LLC,**
Appellants
V.
**LACARTIS POPE,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. C1934789)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **DAVID BRYAN JOHNSON, MARTIN MARIETTA MATERIALS, INC. AND MARTIN MARIETTA FLEET MANAGEMENT, LLC,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*